**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| William Carter, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 17 cv 07241 |
| v. | ) | |
| | ) | |
| City of Chicago, Ronald Watts, | ) | Judge LaShonda Hunt |
| Phillip Cline, Debra Kirby, Darryl | ) | |
| Edwards, Alvin Jones, Kallatt | ) | |
| Mohammed, John Rodriguez, | ) | |
| Calvin Ridgell, Jr., Elsworth J. | ) | |
| Smith, Jr., Gerome Summers, Jr., | ) | |
| and Kenneth Young, Jr., | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT OFFICERS' STATEMENT OF UNDISPUTED FACTS

Defendants Darryl Edwards, Alvin Jones, John Rodriguez, Calvin Ridgell, Jr., Elsworth J. Smith Jr., Gerome Summers, Jr., and Kenneth Young, Jr. (collectively "Defendants" or "Defendant Officers"), by their attorneys, submit the following statement of undisputed facts pursuant to Local Rule 56.1(a)(3).

### PARTIES

1. Plaintiff William Carter is a resident of the Northern District of Illinois. *See* Complaint, Dckt. No. 1, ¶12.

2. Defendant Officers Darryl Edwards, Alvin Jones, John Rodriguez, Calvin Ridgell, Jr., Elsworth J. Smith Jr., Gerome Summers, Jr., and Kenneth Young, Jr. were at all relevant times acting under color of law as Chicago police officers. *See* Dckt. No. 1, ¶14.

3. Defendant City of Chicago ("City") is an Illinois municipal corporation. *See* Dckt. No. 1, ¶13.

## JURISDICTION AND VENUE

4. This court has original jurisdiction over Plaintiff's federal claims (*see* 28 U.S.C. §§ 1331, 1343), and supplemental jurisdiction over his state law claims (*see* 28 U.S.C. § 1367). Venue in this judicial district is proper. *See* 28 U.S.C. § 1391(b).

5. The three arrests that give rise to this action occurred at the former Ida B. Wells housing complex (the "Wells Complex"), in Chicago, Illinois, on March 3, 2004, June 18, 2004, and May 19, 2006. *See* Dckt. No. 1, ¶¶17, 33, 50.

## PLAINTIFF'S MARCH 3, 2004 ARREST

6. Plaintiff alleges that his March 3, 2004 arrest was effectuated by Defendants Mohammed, Young and Edwards and confines his allegations of misconduct to those specific named Defendants who he refers to as the "March 3, 2004 Arresting Officers." *See* Dckt. No. 1 at ¶¶ 17-32.

7. Throughout 2004, the Wells complex was patrolled by a tactical team of CPD officers supervised by defendant Watts. That team was identified as unit 715. *See* Exhibit 1, Darryl Edwards October 28, 2021 Deposition, at 29:14-24; *See* Ex. 2, March 3, 2004 Assignment and Attendance Sheets, CITY-BG-032977-032995.

8. Defendants Edwards, Jones, Mohammed, Rodriguez, Summers and Young were members of unit 715 on March 3, 2004. *See* Ex. 2. Defendant Smith was not a member of unit 715 on March 3, 2004. *See* Ex. 3, Elsworth Smith Officer Assignment History, CITY-BG-003385; Ex. 4, Elsworth Smith July 21, 2023 Deposition, at 42:23-43:4.

9. Unit 715 officers arrested Plaintiff on March 3, 2004. *See* Ex. 5, March 3, 2004 Vice Case Report, CITY-BG-031082-031083, at 1. Defendant Mohammed and Defendant Young

were the arresting officers. *See* Ex. 5, at 1.  Defendant Edwards assisted the arresting

officers. *See* Ex. 6, March 3, 2004 Arrest Report, F PL JOINT 03880-03881, at 2.

10. The arresting officers observed Plaintiff in possession of two clear plastic bags – one

containing smaller blue tinted bags containing a white powdery substance suspected to be

heroin and one containing smaller bags containing a rock like substance suspected to be

crack cocaine. *See* Ex. 6 at 1.

11. There is no evidence that Defendants Jones, Rodriguez, Summers or Smith participated in

any way in Plaintiff's March 3, 2004 arrest. *See Celotex Corp. v. Catrett*, 477 U.S. 317

(1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on

summary judgment "may be discharged by showing—that is, point[ing] out to the district

court—that there is an absence of evidence to support the nonmoving party's case.").

12. Defendant Smith did not participate, and could not have participated, in Plaintiff's March

3, 2004 arrest, because he was not a member of unit 715 on that date. *See* Ex. 3; Ex. 5;

Ex. 2.

13. The Vice Case Report and the Arrest Report do not reflect any officers other than

Defendants Mohammed, Young and Edwards being involved in the March 3, 2004 arrest.

*See* Ex. 5 and Ex. 6.

14. Plaintiff did not testify to any other Defendant Officer being involved in his March 3,

2004 arrest. He testified that Defendant Jones was present when Defendant Watts

questioned him, but did not identify Jones as taking any action regarding the arrest. *See*

Ex. 7, William Carter August 23, 2022 Deposition, at 112:2-112:8.

15. Plaintiff testified that an officer he called "Chinaman" but whose name he did not know pushed his head against the wall during the March 3, 2004 arrest. The officer he called "Chinaman" is not one of the Defendant Officers. *Id*. at 105:8-19; 111:15-113:20.

16. Plaintiff does not recall any white officer being present when "Chinaman" allegedly hit Plaintiff's head on the wall during his March 3, 2004 arrest. *Id.* at 114:3-6.

17. Plaintiff testified that he did not know if Defendant Summers ("Jerome" or "J-Bug") was present at the March 3, 2004 arrest. *Id.*

18. Plaintiff does not recall who placed him in handcuffs during his March 3, 2004 arrest. *Id.* at 271:9-13; 271:23-272:2.

19. Plaintiff did not mention Defendants Smith or Rodriguez at all in connection with the March 3, 2004 arrest [*Id.*] and he testified that he did not know what if any of his arrests at which Defendant Rodriguez might have been present. *Id*. at 212:10-213:2.

20. Defendant Jones testified that he did not remember anything about William Carter or any arrests of Carter. *See* Ex. 8, Alvin Jones July 19, 2023 Deposition, at 218:25-219:19; 224:5-23) and Plaintiff's counsel did not ask Defendant Jones any questions about the March 3, 2004 arrest. *Id*. at 218:25-249:21.

21. Defendant Edwards testified that he had no recollection of William Carter. *See* Ex. 1 at 133:24-134:1, and Plaintiff's counsel did not ask Defendant Edwards any questions about the March 3, 2004 arrest. *Id*. at 132:24-139:20.

22. Defendant Young testified that he had no recollection of William Carter. *See* Ex. 9, Kenneth Young December 15, 2021 Deposition, at 178:8-179:5, and Plaintiff's counsel did not ask defendant Young any questions about the March 3, 2004 arrest. *Id*. at 178:8-213:2.

23. Defendant Mohammed signed a Complaint for Preliminary Examination alleging that Plaintiff was in unlawful possession of a controlled substance in violation of 720 ILCS 520/402. *See* Ex. 10, March 3, 2004 Complaint for Preliminary Examination (KM_002996).

24. Defendant Mohammed was a witness before a Cook County Grand Jury that returned an indictment charging Plaintiff with possession of a controlled substance with intent to deliver. *See* Ex. 11, Grand Jury Indictment (KM_002988-002992).

25. Sgt. Watts' role in Plaintiff's March 3, 2004 arrest was having a conversation with Plaintiff about Harold Owens. *See* Ex. 7 at 269:22-270:6.

26. There is no evidence that any other Defendant Officer signed any complaining pleadings or testified during any of the proceedings related to Plaintiff's March 3, 2004 arrest. *See Celotex Corp.*, 477 U.S. 317 (1986); *Modrowski*, 712 F.3d at 1168 (defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

**<u>PLAINTIFF'S JUNE 18, 2004 ARREST</u>**

27. Plaintiff alleges that his June 18, 2004 arrest was effectuated by Defendants Mohammed, Jones, Edwards, Young, Rodriguez, Summers, Ridgell, and Watts. *See* Dckt. No. 1 at ¶¶ 33-48. Plaintiff refers to this grouping of Defendants as the "June 18, 2004 Arresting Officers" and ascribes various allegations of misconduct. *Id.*

28. Plaintiff was arrested on June 18, 2004 at 10:15 a.m. at 540 E. 36th Street, Chicago, Illinois. *See* Ex. 12, June 18, 2004 Arrest Report, CITY-BG-031023-031024.

29. Defendant Jones and Defendant Edwards, are listed as the First and Second Arresting Officers on Plaintiff's June 18, 2004 Arrest Report. *See* Ex. 12; Ex. 1 at 134:18-20. Defendants Jones and Edwards were in Unit 715. *See* Ex. 12. Defendants Young, Rodriguez, Summers, Mohammed, Ridgell, and Watts are listed on the Vice Case Report associated with Plaintiff's arrest. *See* Ex. 13, June 18, 2004 Vice Case Report, CITY-BG-031088.

30. Defendant Jones wrote the narrative portion of Plaintiff's Arrest Report and he also prepared the Vice Case Report for Plaintiff's June 18, 2004 arrest. *See* Ex. 8 at 220:19-23; 225:10-19.

31. Defendant Smith was not a member of Unit 715. *See* Ex. 3. Smith is not listed on any of the police reports related to Plaintiff's June 18, 2004 arrest. *See* Ex. 12 and Ex. 13.

32. There is no evidence that Defendants Ridgell, Young, Summers, Rodriguez and Mohammed, were personally involved in initiating, commencing or continuing any criminal proceedings against Plaintiff relating to his June 18, 2004 arrest. *See* Ex. 14, Report of Proceedings, Preliminary Hearing, July 14, 2004; *See Celotex Corp.*, 477 U.S. 317 (1986); *Modrowski*, 712 F.3d at 1168 (defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

33. The only officers that Plaintiff can recall seeing in the lobby during his June 18, 2004 arrest were Defendants Jones, Mohammed, Edwards, and Sgt. Watts. *See* Ex. 7 at 131:2-6.

34. On June 18, 2004, Plaintiff only had "a couple dollars," but he does not recall how much, because he was going there to buy marijuana. *Id.* at 136:13-17. Plaintiff does not recall if the police took that money from him. *Id* at 136:18-20.

35. Plaintiff does not recall who was doing the paperwork for his June 18, 2004 arrest. *Id.* at pp. 177:20-22; 178:20-23.

36. According to the June 18, 2004 Arrest Report, at 10:15 a.m. in the area of 540 E. 36th Street, Plaintiff was observed holding a clear plastic bag of suspect narcotics. Plaintiff was detained and said bag was recovered from Plaintiff's hand and found to contain 22 smaller ziplock baggies of suspect heroin. *See* Ex. 12. A custodial search of Plaintiff revealed $200. *Id.* This arrest took place within the Ida B. Wells complex and within 1000' of Doolittle Elementary School. *Id.*

37. Defendant Jones testified at the preliminary hearing for Plaintiff's June 18, 2004 arrest. *See* Ex. 14. No other officers testified during any of the proceedings related to Plaintiff's June 18, 2004 arrest. *Id. generally*.

38. Plaintiff was charged with possession of one gram or more but less than 15 grams of heroin with intent to deliver while on Ida B. Wells, a Chicago Housing Authority property, 720 ILCS 570/401(c)(1) / 407(b)(1), and possession of one gram or more but less than 15 grams of heroin with intent to deliver, 720 ILCS 570/401(c)(1), in connection with his June 18, 2004 arrest. *See* Ex. 15, June 18, 2004 charging documents, CCPubDef 0165-0168. The first count is a Class X felony, which provides for a sentence of 6-30 years in prison and a fine not to exceed $500,000 (720 ILCS 570/407(b)(1)). The second count is a Class 1 felony, which carries with it a range of 4-15 years in prison, 730 ILCS 5/5-4.5-30(a), and a fine of not more than $250,000. 720 ILCS 570/401(c).

39. Jamon L. Walker and Roy C. Tate, Jr. were also arrested along with Plaintiff on June 18, 2004. *See* Ex. 13. Walker and Tate were charged with criminal trespass to state supported land, 720 ILCS 5/21-5(a). *Id.*

40. The narcotics related to this arrest were inventoried under inventory #10359687. *See* Ex. 16, June 18, 2004 Inventory 10359687, CITY-BG-031093; Ex. 17, Illinois State Police Crime Laboratory Case Report, CITY-BG-031094. The narcotics related to this arrest were sent to the Illinois State Police Crime Laboratory for testing and analysis and were received by the Illinois State Police Crime Lab on June 24, 2004. Ex. 17. Testing was conducted on 22 items by forensic scientist Rosa Lopez and those items were found to contain 5.1 grams of heroin. *Id.*

41. Defendant Edwards never saw Defendant Jones plant drugs on anyone or punch anyone in the jaw. *See.* Ex. 18, Darryl Edwards October 28, 2021 Deposition Conf,[1] p. 18:3-8, 20-22. Defendant Edwards never saw any members of the tactical team slap or punch a resident of Ida B. Wells. *See* Ex. 1 at 61:1-3.

42. Defendant Young relied on reports prepared by his team members and he believed that Plaintiff was lawfully arrested. *See* Ex. 9 at 211:11- 212:22.

43. Defendant Summers believed Plaintiff's arrest report to be accurate and truthful. *See* Ex. 19, Summers February 13, 2020 deposition, p. 445:2-6.

44. On March 4, 2004, Plaintiff was given an I-bond (personal recognizance bond) at bond court. *See* Ex. 20, March 4, 2004 Report of Proceedings, DO-JOINT 049225-049227.

45. According to court documents, Plaintiff was on bond at every court hearing up until he pled guilty on December 16, 2004. *See* Ex. 21, Certified Statement of Conviction /

---

[1] This citation comes from a portion of Officer Edwards' deposition testimony that was marked confidential, but this specific fact and citation is not being considered confidential for purposes of summary judgment.

Disposition, 04CR0957901, CITY-BG-031066-031068; Ex. 22, Certified Statement of Conviction/Disposition, 04CR1767701, CITY-BG-031071-031072. There is no documentation that indicates Plaintiff was in custody during the time period when he was in bond court until he was before Cook County Circuit Court Judge Ford for arraignment. *Id*.

46. On December 16, 2004, Plaintiff pled guilty to his March 3, 2004 arrest and to his June 18, 2004 arrest. *See* Ex. 23, Report of Proceedings, December 16, 2004, DO-JOINT 054603-054609. The court gave Plaintiff two years of probation on the March 3, 2004 arrest and the June 18, 2004 arrest, to be served concurrently. *Id*. at 054605 and 054608. Plaintiff was represented by counsel when he pled guilty. *Id.*, *generally*.

47. The State's Attorney's Office agreed to amend the charges related to Plaintiff's March 3, 2004 arrest from a Class 1 felony to a Class 4 felony and to dismiss the three other counts that Plaintiff was charged with. *See* Ex. 23, Dec. 16, 2004 ROP, DO-JOINT 054604-054605; Ex. 21; Ex. 24, Report of Proceedings, July 8, 2005, DO-JOINT 011958-011965 (confirming March 3, 2004 arrest plea was to a Class 4 felony). For the June 18, 2004 arrest, the State's Attorney's Office agreed to dismiss the more serious charge (possession of more than one gram, but less than 15 grams, of heroin on Ida B. Wells property and within 1000' of Doolittle Elementary School) as part of Plaintiff's plea agreement. *Id*.; Ex. 23.

48. Plaintiff's attorney stipulated to the facts in the Arrest Report as being sufficient to prove Plaintiff guilty beyond a reasonable doubt. *See* Ex. 23 at 054606-054607. The court advised Plaintiff that he was giving up his right to a bench or jury trial, the right to confront and cross-examine witnesses, present evidence on his own behalf, or to remain

silent and have the State prove his guilt. *Id.* at 054605-054606. The court asked Plaintiff

if he had been threatened or promised anything to make him plead guilty and Plaintiff

answered, "No." *Id.* at 054606. The court found that Plaintiff understood the nature of

the charges against him, understood the possible sentences and his rights under the law,

and that his plea was "being made freely and voluntarily as it exists." *Id.* at 054607.

49. During sentencing for the March 3, 2004 and June 18, 2004 arrests, the court asked

Plaintiff is there was anything he wanted to add and Plaintiff replied, "No, sir…" *See* Ex.

23 at 054607.

50. The court also advised Plaintiff of his right to appeal and that he must do so within 30

days. *Id.* at 054608.

51. While on probation, a violation of probation was filed against Plaintiff and a warrant was

issued for him. *See* Ex. 21; Ex. 22. Plaintiff was arrested on that warrant on May 12,

2005. *Id.*

52. Plaintiff pled guilty to violating the terms of his probation. *See* Ex. 24 at 011961. During

his plea to the probation violation, Judge Ford noted that Plaintiff had pled guilty to a

domestic battery case, Plaintiff failed to report on his probation, and Plaintiff picked up

two new cases while on probation. *Id.* at 011960-011963. Plaintiff's attorney stipulated

that Plaintiff failed to report on his probation and that Plaintiff was found guilty of a

domestic battery charge as the basis for the violation of probation plea. *Id.* at 011962-

011963. Plaintiff was sentenced to Cook County Department of Corrections Boot Camp

on the violation of probation. *Id.* at 011963.

53. During the plea to his probation violation, the court admonished Plaintiff that by pleading

guilty he was giving up the right to have a violation of probation hearing and to cross-

examine or confront witnesses or present witnesses on his behalf. *See* Ex. 24 at 011961-011962. The court asked Plaintiff if anyone threatened him or promise him anything to make him plead guilty and Plaintiff replied, "No, sir." *Id.* at 011962. The court also asked Plaintiff if he was pleading guilty of his own free will and Plaintiff replied, "Yes, sir." *Id*. The court also advised Plaintiff of his right to appeal. *Id*. at 011963-011964.

54. One of the reasons that Plaintiff pled guilty to his 2004 arrests is because he "didn't have to do any jail time." *See* Ex. 7 at 138:18-23.

55. Plaintiff's statement to the Officer of Professional Standards ("OPS") does not mention anything about the role or actions taken by Defendants Edwards, Young, Rodriguez, Summers, Mohammed, or Watts. *See* Ex. 25. Plaintiff identified Defendants Mohammed and Edwards from photos he was shown by OPS and he stated that they were on the scene, but did not have any physical contact with him. *See* Ex. 26, 2004-07-07 Photo Viewing by William Carter, PL JOINT F 00349.

56. There is no evidence that Officers Young, Rodriguez, Summers, or Mohammed prepared or assisted in the preparation of Plaintiff's June 18, 2004 Arrest Report or VCR. *See Celotex Corp.*, 477 U.S. 317 (1986); *Modrowski*, 712 F.3d at 1168 (defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

57. Defendants Edwards', Young's, Rodriguez's, Summers', or Mohammed's names are not on the Criminal Complaint related to Plaintiff's June 18, 2004 arrest. *See* Ex. 27, William Carter Criminal Complaint, KM_003117. There is no evidence that these officers prepared or assisted in the preparation of Plaintiff's Criminal Complaint. *See Celotex Corp.*, 477 U.S. 317 (1986); *Modrowski*, 712 F.3d at 1168 (defendant's burden on summary judgment

"may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

58. Defendants Young's, Rodriguez's, Summers', or Mohammed's names are not on the inventory paperwork that was filled out related to Plaintiff's June 18, 2004 arrest. *See* Ex. 28, June 18, 2004 arrest property inventory sheets, KM 003118-003119. There is no evidence that these officers prepared or assisted in the preparation of the inventory paperwork related to Plaintiff's June 28, 2004 arrest. *See Celotex Corp.*, 477 U.S. 317 (1986); *Modrowski*, 712 F.3d at 1168 (defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

59. There is no indication on the Arrest Report or VCR from Plaintiff's June 18, 2004 arrest that indicate the role of or actions taken by Officers Young, Rodriguez, Summers, or Mohammed, before, during, or after Plaintiff's June 18, 2004 arrest. *See* Ex. 12 and Ex. 13.

60. Plaintiff was asked the following question via an interrogatory issued in this case and he responded as follows:

20. Identify which of the "Arresting Officers" (as you used that term in your complaint) "communicated the false story to prosecutors" regarding the June 18, 2004 arrest as you alleged in paragraph 38(d) of your complaint.

ANSWER: I do not at present know the names of these officers because I was not present for any communications between police and prosecutors. Investigation continues. *See* Ex. 29 (Pl.'s Ans. Interrog.) and Plaintiff has not amended this interrogatory answer. *See* Ex. 29, Plaintiff's July 22, 2020 Answers to Interrogatories, ¶ 20.

61. There is no evidence that Defendants Young, Rodriguez, Summers, or Mohammed had any communications with prosecutors regarding Plaintiff's June 18, 2004 arrest. *See Celotex Corp.*, 477 U.S. 317 (1986); *Modrowski*, 712 F.3d at 1168 (defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

62. Calvin Ridgell, Jr. is sued in this case only for claims relating to Plaintiff's June 18, 2004 arrest and not for any claims relating to Plaintiff's other two arrests at issue in this lawsuit. *See* Dckt. No. 1 at ¶¶ 17, 33, 60; *See* Ex. 30 (Correspondence between Counsel).

63. During discovery in this case, Plaintiff was asked the following question via Interrogatory and responded as follows:

"15. Describe with specificity what the following officers' role and/or actions were during your June 18, 2004 arrest.

a. Alvin Jones

b. Darryl Edwards

c. Kenneth Young

d. John Rodriguez

e. Gerome Summers

f. Calvin Ridgell

g. Kallatt Mohammed

h. Ronald Watts

ANSWER: I accurately described the events around my June 18, 2004 arrest in my statement to OPS. PL JOINT F 00343-00346." *See* Ex. 29 (Pl.'s Ans. Interrog. at ¶ 15).

64. The document referenced by Plaintiff in his answers to interrogatories mentioned in Paragraph 63 above does not mention anything about Calvin Ridgell, Jr.'s involvement in his June 18, 2004 arrest or any role or actions that Plaintiff claims Calvin Ridgell, Jr. took. *See* Ex. 25 (PL JOINT F 00343-00346).

65. Plaintiff has not amended or supplemented his answer to Interrogatory No. 15 to provide any evidence relating to Defendants Edwards, Young, Rodriguez, Summers, Mohammed, or Watts.

66. Plaintiff has not amended or supplemented his answers to Interrogatory No. 15 to provide any evidence relating to Calvin Ridgell, Jr.'s alleged role or actions in regards to Plaintiff's June 18, 2004 arrest. *See Celotex Corp.*, 477 U.S. 317 (1986); *Modrowski*, 712 F.3d at 1168 (defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

67. Calvin Ridgell, Jr.'s name does not appear anywhere on Plaintiff's arrest report for his June 18, 2004 arrest. *See* Ex. 12.

68. There is no evidence in this case that Calvin Ridgell, Jr. prepared or assisted in the preparation of Plaintiff's Arrest Report. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court— that there is an absence of evidence to support the nonmoving party's case.").

69. There is no evidence in this case that Calvin Ridgell, Jr. prepared or assisted in the preparation of this Vice Case Report. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on summary

judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

70. Calvin Ridgell, Jr.'s name does not appear on the Criminal Complaint completed for Plaintiff's June 18, 2004 arrest. *See* Ex. 27.

71. There is no evidence that Calvin Ridgell, Jr. prepared or assisted in the preparation of Plaintiff's Criminal Complaint. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

72. Calvin Ridgell, Jr.'s name does not appear on the inventory report for the inventorying of contraband and property relating to Plaintiff's June 18, 2004 arrest. *See* Ex. 28.

73. There is no evidence that Calvin Ridgell, Jr. prepared or assisted in the preparation of any inventory paperwork relating to Plaintiff's June 18, 2004 arrest. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

74. Calvin Ridgell Jr.'s name appears typewritten on the Vice Case Report for the incident where Plaintiff was arrested along with the names of eight (8) other police officers. *See* Ex. 13. This report does not purport to be signed or attested to by Calvin Ridgell, Jr. *Id.* Rather, this Report purports to be signed by Defendant Jones and Defendant Edwards. *Id.* The Vice Case Report itself also does not attribute any actions or conduct specifically to Calvin Ridgell, Jr. *Id.*

75. Moreover, the Vice Case Report for the June 18, 2004 incident also describes two other arrests made shortly after Plaintiff's arrest whereby two other persons were arrested for loitering and trespassing on CHA property. *See* Ex. 13.

76. There is no indication in the Vice Case Report that Calvin Ridgell, Jr. was specifically involved with any part of Plaintiff's arrest or any of the alleged misconduct relating thereto or witnessed any part thereof. *See* Ex. 13.

77. There is no evidence that Calvin Ridgell, Jr. communicated with any prosecutors about any information relating in any way to Plaintiff's June 18, 2004 arrest. *See* Ex. 29 at ¶ 20; *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

78. Plaintiff gave sworn deposition testimony in this case on August 23, 2022. *See* Ex. 7. Plaintiff was asked about the circumstances of his arrest on June 18, 2004. *Id.* at 126:20-137:17. Plaintiff described actions that were allegedly taken by Defendants Jones, Mohammed, Edwards, and Watts. *Id.* At no point during his deposition did Plaintiff identify Calvin Ridgell, Jr. as being present or involved in any of the allegedly wrongful actions he claimed occurred on June 18, 2004. *Id.* Plaintiff also testified that he did not have any recollection of any other facts relating to this arrest other than what he testified to. *Id.* at 128:13-16.

79. Calvin Ridgell, Jr. gave sworn testimony in this case and testified that he had no recollection of any part of Plaintiff's arrest or the events of June 18, 2004. *See* Ex. 31 (Dep. Of C. Ridgell) at 102:5-103:1, 104:17-20, 106:1-12.

80. There is no evidence in this case that Calvin Ridgell, Jr. engaged in any misconduct toward or relating to Plaintiff on June 18, 2004 or relating to the events of June 18, 2004. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

81. There is no evidence that Calvin Ridgell, Jr. witnessed any other police officer engage in any misconduct toward or relating to Plaintiff on June 18, 2004 or relating to the events of June 18, 2004. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

82. There is no evidence that Calvin Ridgell, Jr. testified at any court proceeding relative to Plaintff's June 18, 2004 arrest. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court— that there is an absence of evidence to support the nonmoving party's case.").

83. During discovery in this case, Plaintiff was asked the following question via Interrogatory and responded as follows:

20. Identify which of the "Arresting Officers" (as you used that term in your complaint) "communicated the false story to prosecutors" regarding the June 18, 2004 arrest as you alleged in paragraph 38(d) of your complaint.

ANSWER: I do not at present know the names of these officers because I was not present for any communications between police and prosecutors. Investigation continues. *See* Ex. 29.

84. Plaintiff has not amended this Interrogatory to include any evidence that Calvin Ridgell, Jr. had any communications with any prosecutors regarding Plaintiff's June 18, 2004 arrest.

85. There is no evidence in this case that Calvin Ridgell, Jr. communicated with any prosecutors regarding any of the events forming the basis for Plaintiff's June 18, 2004 arrest. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on summary judgment "may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

## **PLAINTIFF'S MAY 19, 2006 ARREST**

86. Plaintiff alleges that his May 19, 2006 arrest was effectuated by Defendants Jones, Mohammed, Young, and Smith and confines his allegations of misconduct to those specific named Defendants who he refers to as the "May 19, 2006 Arresting Officers." ECF No. 1 at ¶¶ 52-60.

87. On May 19, 2006, Chicago Police Unit 264 arrested Plaintiff. *See* Ex. 32, May 19, 2006 Arrest Report, CITY-BG-031037-031041; *See* Ex. 33, May 19, 2006 Vice Case Report, CITY-BG-031095-031096.

88. Defendants Edwards, Ridgell, Summers, and Rodriguez were not members of Unit 264 on May 19, 2006. *See* Ex. 34, May 19, 2006 Assignment and Attendance Sheets, CITY-BG-033138-033163; Ex. 35, Darryl Edwards Officer Assignment History, DO-JOINT 005142; Ex. 36, Calvin Ridgell Officer Assignment History, DO-JOINT 005144; Ex. 37,

John Rodriguez Officer Assignment History, DO-JOINT 005145; Ex. 38, Gerome

Summers Officer Assignment History, DO-JOINT 005147.

89. Defendant Edwards was working on Unit 261D on May 19, 2006. *See* Ex. 34.

90. Defendant Summers was working in the 12th District as of February 2, 2006. *See* Ex. 38.

91. Defendant Rodriguez was working in the 16th District as of March 2, 2006. *See* Ex. 37.

92. Defendants Edwards, Ridgell, Summers, and Rodriguez could not have participated, and

did not participate, in Plaintiff's arrest, author or sign any reports, sign any criminal

complaints, recover or handle the drugs, or testify in any related judicial proceeding

arising from Plaintiff's May 19, 2006 arrest. *See* Ex. 32 and Ex. 33; Ex. 39, Report of

Proceedings, June 7, 2006, DO-JOINT 010813-010821; Ex. 40, Report of Proceedings,

September 7, 2006, PL JOINT F 00853-00875; Ex. 41, Report of Proceedings, February

1, 2007, PL JOINT F 01095-01167; Ex. 42 Report of Proceedings, February 1, 2007, PL

JOINT F 01168-01313; *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986);

*Modrowski v. Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on

summary judgment "may be discharged by showing—that is, point[ing] out to the district

court—that there is an absence of evidence to support the nonmoving party's case.").

93. Defendants Edwards, Ridgell, Summers, and Rodriguez's names do not appear on any

report relating to Plaintiff's May 2006 arrest. *See* Ex 32 and Ex. 33.

94. There is no evidence Defendants Edwards, Ridgell, Summers, and Rodriguez were

personally involved in initiating, commencing, or continuing any criminal proceedings

against Plaintiff relating to his May 19, 2006 arrest. *See* Ex. 32; Ex. 33; Ex. 39; Ex. 40;

Ex. 41; Ex. 42; *see also Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Modrowski v.

Pigatto*, 712 F.3d 1166, 1168 (7th Cir.2013)(defendant's burden on summary judgment

"may be discharged by showing—that is, point[ing] out to the district court—that there is an absence of evidence to support the nonmoving party's case.").

95. Defendant Jones signed Criminal Complaints alleging that on May 19, 2006, Plaintiff violated 720 ILCS 570/407 in that he knowingly and unlawfully possessed, and knowingly and unlawfully possessed with intent to manufacture or deliver a controlled substance, to wit, crack cocaine with an estimated weight of .3 grams. *See* Ex. 43, William Carter Complaint for Preliminary Examination, CCPubDef_0855-0856.

96. Defendant Smith attested to the May 19, 2006 arrest report listing himself and Defendant Jones as the arresting officers. *See* Ex. 32.

97. Defendants Mohammed and Young are identified only as assisting officers in the May 19, 2006 Arrest Report and did not testify at any point in Plaintiff's criminal proceedings arising from the May 2006 arrest. *See* Ex. 32; Ex. 33; Ex. 39; Ex. 40; Ex. 41; Ex. 42.

98. On June 7, 2006, Defendant Jones testified at a preliminary hearing that on May 19, 2006 at approximately 7:15p.m., while inside 527 E. Browning, he observed Sandra Berry give Plaintiff a $20 bill and Plaintiff give Ms. Berry two small items out of a clear plastic bag containing suspect crack cocaine. *See* Ex. 39 at 3:7-22. He detained Plaintiff and recovered from his hand the $20 bill and a small plastic bag with several items that tested positive for cocaine; 3.5 grams in total weight. *Id.* at 3:19-4:6.

99. Only Defendant Jones testified at the preliminary hearing on June 7, 2006, in which there was a finding of probable cause. *See* Ex. 39, generally.

100. On September 7, 2006, Defendant Jones testified at a motion to suppress hearing that on May 19, 2006 at approximately 7:15p.m., while inside 527 E. Browning, he observed a female [n/k/a Sandra Berry] give Plaintiff a $20 bill and Plaintiff give Ms.

Berry two small items out of a clear plastic bag containing suspect crack cocaine. *See* Ex. 40 at 8:21-13:6. He then detained Plaintiff and recovered narcotics and U.S. currency from him. *Id*. p. 16:9-23.

101.      Only Defendant Jones testified at the motion to suppress hearing. *See* Ex. 40, generally.

102.      On February 1, 2007, Defendant Jones testified at Plaintiff's jury trial that on May 19, 2006 at approximately 7:15p.m., while inside 527 E. Browning, he observed a female [n/k/a Sandra Berry] give Plaintiff a $20 bill and Plaintiff give Ms. Berry two small items out of a clear plastic bag containing suspect crack cocaine. *See* Ex. 41 at 24:8-27:16. He then detained Plaintiff and recovered from his hand the $20 bill and a clear plastic bag containing narcotics. *Id*. at 27:18-22.

103.      On February 1, 2007, Defendant Smith testified at Plaintiff's jury trial that on May 19, 2006 at approximately 7:15p.m., while inside 527 E. Browning, while standing behind Defendant Jones, he observed a female [n/k/a Sandra Berry] give Plaintiff U.S. currency and Plaintiff give Ms. Berry suspect narcotics out of a clear plastic bag. *See* Ex. 42 at 71:1-72:24. He then detained Ms. Berry and recovered from her hand two small zip-lock baggies containing narcotics. *Id*. at 73:7-18.

104.      Of all the Defendant Officers, only Defendant Jones and Smith testified at Plaintiff's February 1, 2007 jury trial. *See* Ex. 41 and Ex. 42.

105.      At his deposition, Plaintiff testified that on May 19, 2006, he walked into his apartment (Apt. 506 in 527 E. Browning), Defendant Jones was already in his apartment, and Defendant Jones detained him inside his apartment. *See* Ex. 7 at 163:19-164:1.

106.     Plaintiff testified that Defendant Jones took him into the hallway and he doesn't recall which officers escorted him down the stairs. *See* Ex. 7 at 169:9-23.

107.     When Plaintiff arrived on the first floor, specifically to the back hallway, Defendants Mohammed, Smith, Young and an officer he calls the "Chinaman," were already there. *See* Ex. 7 at 170:8-12.  Plaintiff confirmed that only Defendant Jones was in his apartment and arrested him, and all other officers were downstairs working undercover, posing as drug dealers. *Id.* at 172:24-173:12.

108.     While on sitting on the steps of the first floor of building (specifically the steps contained in the back hallway), he believes Defendant Smith detained the female now known as Sandra Berry. *See* Ex. 7 at 164:21-165:9.

109.     While at the police station at 51st and Wentworth, Plaintiff doesn't recall who exactly filled out the paperwork. *See* Ex. 7 at 177:20-178:23.

110.     Defendant Watts had no involvement in Plaintiff's arrest or prosecution stemming from his May 19, 2006 arrest, and Plaintiff only testified, without support, that Watts allegedly directed his team to go out look for people to lock up. *See* Ex. 7 at 286:3-21.

111.     On February 1, 2007, a jury found Plaintiff guilty of possession with intent to deliver a controlled substance. Ex. 42 at 139:24-140:2.  On March 16, 2007, Plaintiff was sentenced to nine years in the Illinois Department of Corrections and given credit for the 292 days he had served in custody since the time of his arrest on May 19, 2006. *See* Ex. 44, CIYT-BG-031075-031081 Certified Disposition 06CR1357101.

Dated: December 13, 2024.

Respectfully submitted,

/s/ *William E. Bazarek*
Special Assistant Corporation Counsel
One of the Attorneys for Defendants Darryl Edwards, Alvin Jones, John Rodriguez, Elsworth J.
Smith, Jr., Gerome Summers, Jr., and Kenneth Young, Jr.

Andrew M. Hale
William E. Bazarek
Amy Hijawi
Anthony E. Zecchin
Kelly Olivier
Jason Marx
Hannah Beswick-Hale
HALE & MONICO, LLC
Special Assistant Corporation Counsel
53 W. Jackson Blvd., Suite 334
Chicago, IL 60604
(312) 341-9646


/s/ *Timothy P. Scahill*
One of the Attorneys for Defendant Calvin Ridgell, Jr.

Timothy P. Scahill
Steven B. Borkan
Drew Wycoff
Borkan & Scahill, Ltd.
Special Assistant Corporation Counsel
20 S. Clark St., Suite 1700
Chicago, IL 60302
(312) 580-1030
Fax: (312) 263-0128